SCHWARTZ, Chief Judge
(specially concurring).
I concur in reversal because, somewhat to my surprise, the cases seemingly unanimously recognize a “firearm exception” to the rule that an anonymous tip which does not include predictive elements is insufficient to justify a Terry stop and frisk. See United States v. DeBerry, 76 F.3d 884 (7th Cir.1996); United States v. Gibson, 64 F.3d 617 (11th Cir.1995), cert. denied, — U.S. -, 116 S.Ct. 1580, 134 L.Ed.2d 678 (1996); United States v. Bold, 19 F.3d 99 (2d Cir.1994); United States v. Clipper, 973 F.2d 944 (D.C.Cir.1992), cert. denied, 506 U.S. 1070, 113 S.Ct. 1025, 122 L.Ed.2d 171 (1993); United States v. McClinnhan, 660 F.2d 500 (D.C.Cir.1981); Speight v. United States, 671 A.2d 442 (D.C.App.1996), cert. denied, — U.S. -, 117 S.Ct. 375, 136 L.Ed.2d 264 (1996); State v. Hasenbank, 425 A.2d 1330 (Me.1981); 4 Wayne R. LaFave, Search and Seizure § 9.4(h), at 229-30 & nn. 404-06 (3d ed. 1996), and eases cited; see also State v. Hetland, 366 So.2d 831 (Fla. 2d DCA 1979), approved, 387 So.2d 963 (Fla.l980)(rationale criticized at 4 LaFave, supra § 9.4(h) n. 404). See generally State v. Williams, 371 So.2d 1074 (Fla. 3d DCA 1979), cert. denied, 381 So.2d 771 (Fla.1980).